IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GENE FRASE, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:19-CV-00139-RWS |
| v. | § § | |
| JAMES MCCORMICK, ET AL., | § § § | |
| Defendants. | § § | |

### ORDER

Plaintiff Gene Frase, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff complained of an incident in which inmates named Lewis and Jones assaulted him and stole his property. He stated Lewis attacked him on October 25, 2017, knocking him unconscious, and as he regained consciousness, he saw Jones removing property from Plaintiff's box.  Later that day, Plaintiff says the two inmates came to him with a weapon consisting of a lock tied in a sock and forced him to open his property box, taking more of his property.  They told him not to talk to anyone or use the phone and to stay on his bed and not leave the barracks.

Two days later, Plaintiff claims Officer Kennedy called him to the front and asked why he had not been in hobbycraft for the last two days, but Lewis and Jones were sitting nearby so Plaintiff was afraid to answer. According to Plaintiff, Office Kennedy saw that he had a bruised face and a lump on his head and asked if he needed to move Plaintiff, but Jones yelled "mind your own business and leave," and Officer Kennedy left.

Three days after this, on October 30, 2017, Plaintiff states Officer Kennedy told him he had reported Plaintiff's injuries to Lt. Manning that morning and asked that Plaintiff be moved. The following day, Plaintiff says he was called to the mailroom and questioned by Lt. Manning. He was still afraid but told Lt. Manning what had happened. According to Plaintiff, Lt. Manning asked why Plaintiff did not tell anyone earlier, but did not have Plaintiff seen by medical staff or the mental health department; instead, Lt. Manning had him sent back to the same barracks where the incident had occurred.

About six hours later, Plaintiff states Officer Marshall brought him a cart to pack his property. When the officer left, Lewis threatened Plaintiff not to bring his name up and Jones told Plaintiff to send Jones all of Plaintiff's future commissary.

The next day, November 1, Plaintiff felt ill while at hobbycraft and asked Officer Kennedy to take him to the infirmary. He went to the infirmary around 11:30 a.m. and was examined by the infirmary staff. They took pictures although his injuries were a week old. He gave a statement to Lt. Bennett and Sgt. Griffin, who had B-10 barracks searched and Lewis and Jones locked up. Plaintiff's video game was found in Lewis' property.

Plaintiff states he was then questioned by Major Nelson, who told him that the DVR for the cameras has been out for repair and there was no assigned officer for B-9 and B-10 on the night of the assault.

The Defendants Warden McCormick, Major Nelson, Lt. Manning, and Officer Kennedy filed a motion for summary judgment arguing the first notice they had of Plaintiff's injuries was on November 1, 2017. They claimed Plaintiff was moved out of B-10 on October 31, but this was an administrative decision and not in reaction to any alleged assault or injury. According to the Defendants, Officer Kennedy observed injuries to Plaintiff on November 1, but Plaintiff denied

injury. Officer Kennedy took Plaintiff to the medical department, at which time Plaintiff reported the assault to him. Lt. Bennett had Lewis and Jones removed from B-10 and their personal property was searched, turning up a radio which belonged to Plaintiff. The Defendants assert there was no prior evidence showing Lewis or Jones had assaulted other inmates or stolen from them. They contend that because they were not aware of facts from which the inference could be drawn that a substantial risk of harm existed, they were not deliberately indifferent to Plaintiff's safety.

Plaintiff responded to the motion for summary judgment arguing he has not received all the discovery he believes he should have, the defendants chose not to use objective evidence such as videos or medical records, Jones and Lewis should not have been in B-10 because of their disciplinary histories, the decision to not get the camera DVR working was detrimental to the safety and security of inmates and staff, discovery is needed to show if the warden or the major reprimanded officers who violated policies, Lt. Manning should have moved him when Officer Kennedy told Lt. Manning about the incident on October 30, and Officer Kennedy saw Plaintiff's injuries on October 27, October 30, and November 1. He attached a number of documents to his response, one of which is a statement by Officer Kennedy indicating he observed Plaintiff was injured on October 27 but it did not occur to him that this was an undocumented incident and Plaintiff did not indicate he needed staff intervention.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending dismissal of Warden McCormick and Major Nelson, but further recommending that Lt. Manning and Officer Kennedy's motion for summary judgment be denied. Docket No. 66 ("Report and Recommendation"). In his objections, Plaintiff states first that while B-10 is not reserved for less violent or vulnerable inmates, all of the Arkansas Department of Corrections inmates sent to the Bowie County Correctional Center in 2015 were chosen because

they had a non-violent institutional record. In 2017, violent inmates were sent from Arkansas to Bowie County. Plaintiff states his own conviction is considered violent by statute, but his institutional record contains no major disciplinary actions or reports of violence for a total of over 11 years. He further contends the Bowie County Correctional Center was required by the Texas Commission on Jail Standards to be aware of Arkansas inmates known to be violent or part of a gang, and Jones's disciplinary record would have warranted closer supervision. He does not point to any details concerning Jones's disciplinary record, much less show that this disciplinary record rendered Jones's placement into B-10 barracks an act of deliberate indifference to Plaintiff's safety. This objection is without merit.

Next, Plaintiff contends if the video system was not recording, then there would be no video for evidence, and a lack of evidence would benefit a facility that wants to avoid reporting violent events and showing lapses in security. The only violence which Plaintiff says cannot escape reporting is an inmate death, such as when an inmate named Baker killed an inmate named Daffron in October of 2020, which Plaintiff says prompted the Arkansas Department of Corrections to recall their inmates. To discover a custom of not reporting violence, Plaintiff states someone would have to search Bowie County Correctional Center records for inmates who were moved for "administrative reasons," and then look at videos and medical records. Evidence of reprimands would have to be obtained by deposing inmates and ex-employees, which Plaintiff states is beyond the scope of evidence gathering for a *pro se* prisoner plaintiff.

Plaintiff contends the DVR in the cameras had been out of operation for at least seven months, and all the jail staff had to do was repair or replace it. He asserts this was negligence, adding that he cannot believe "causes outside the facility's control" as a viable factor. Claims of negligence do not set out constitutional allegations, and Plaintiff has failed to show the lack of repair

of the DVR amounted to deliberate indifference to his safety. *Cf. Burke v. Warren County Sheriff's Department*, 916 F.Supp. 181, 184-86 (N.D.N.Y., February 23, 1996) (neither the sheriff nor the county owed a duty under state law to a jail inmate to maintain the cameras so as to protect him from self-inflicted harm). This objection is without merit.

 Next, Plaintiff states there is a "design flaw" because barracks B-9 and B-10 are out of view of officers except when in the guard station. He asserts Warden McCormick and Major Nelson are aware of the facility's design, which indicates a greater need for officers to be in the guard station for these barracks. Plaintiff states inmates knew the DVR system was not working and that officers were not assigned to or consistently absent from the posts, allowing inmates to act with impunity. Plaintiff states Warden McCormick and Major Nelson should be liable because of the "custom" of "having knowledge of everything explained above, but allowing the lapses in security to continue, which led to the conditions bringing the constitutional injury." Documents furnished by Plaintiff show that according to the shift roster daily report, Officer Paul Magee was assigned to B-10; he arrived at 6:30 p.m. and got off shift at 3:48 a.m. (Docket No. 60-2 at 8). This station is listed as one which must be manned. Plaintiff offers only speculation to suggest that Warden McCormick or Major Nelson knew of and disregarded the fact that the post was allegedly not manned on the day of the incident despite the fact that an officer was assigned to it and had signed into it, nor has he shown a policy of leaving the post unmanned. This objection is without merit.

 Plaintiff asserts Major Nelson conducted the investigation of the crimes committed against him, but "seems to have failed in assuring the investigation was complete and the information reached the proper authority for prosecution." The Magistrate Judge correctly determined Plaintiff has no constitutional right to have his assailants criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1991). This objection is without merit.

Finally, Plaintiff argues Warden McCormick and Major Nelson are not entitled to qualified immunity because they failed in their duties. Qualified immunity shields government officials from civil liability in their individual capacity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known

In reviewing claims of qualified immunity, the court asks whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right, and whether this right was clearly established. *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020). The plaintiff bears the burden of showing the defense of qualified immunity does not apply. *Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020).

Plaintiff's argument that Warden McCormick and Major Nelson "failed in their duties" is not sufficient to meet his burden of overcoming the qualified immunity defense because it does not show the violation of a clearly established constitutional right of which a reasonable person would have known. *See Petzold v. Rostollan*, 946 F.3d 242, 255 (5th Cir. 2019) (denying qualified immunity where the plaintiff failed to demonstrate a constitutional violation). His objection on this point is without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report and Recommendation of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 66) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (Docket No. 33) is **GRANTED** as to the Defendants Warden McCormick and Major Nelson. The claims against these Defendants are **DISMISSED WITH PREJUDICE**. This motion is **DENIED** as to the Defendants Lt. Manning and Officer Kennedy. It is further

**ORDERED** that the Plaintiff's claims against the inmates Cedric Lewis and Larry Jones are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 28th day of July, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE